# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                                  CRIMINAL ACTION NO.   3:23-00155

FRANK W. BASENBACK

### MEMORANDUM OPINION AND ORDER

Before the Court is the United States of America's Motion to Stay and Revoke the Order Releasing Defendant on Bond. ECF No. 29. Upon review, the Court **GRANTS** the motion.[1]

### BACKGROUND

On September 14, 2023, Defendant Frank Basenback was arrested on a federal criminal complaint. *See* ECF No. 1. Four days later, Defendant was indicted on three counts of allegedly distributing fentanyl in violation of 21 U.S.C. § 841(a)(1). *See id.*

On September 21, 2023, Defendant appeared before Magistrate Judge Cheryl Eiffert and waived his detention hearing. *See* ECF No. 17. He reserved the ability to reopen the hearing should he secure a bed at a rehabilitation facility. *See id.*

On October 3, 2023, Defendant moved to reopen his detention hearing because he was accepted into a drug treatment program at Recovery Point in Huntington, West Virginia starting October 11, 2023. *See* ECF No. 20. The Government opposed this motion. *See* ECF No. 24.

---

[1] The Court also considered Defendant's Response to Government's Motion to Revoke Release Order. ECF No. 32.

On October 6, 2023, the Magistrate Judge granted Defendant's motion to reopen his detention hearing and ordered his release from custody to Recovery Point on October 11, 2023. *See* ECF 26–28. Four days later, the Government filed the instant motion. *See* ECF No. 29.[2]

## STANDARD OF REVIEW

A district court reviews *de novo* a motion to revoke or amend a magistrate judge's pretrial release order. *See United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1985). The district court "must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).

## ANALYSIS

Pretrial release is required unless the Court concludes "no condition or combination of conditions" of release will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

Because Defendant is charged with a crime under the Controlled Substances Act with a maximum term of imprisonment of ten years or more, a rebuttable presumption favoring detention applies. *See United States v. Land*, 2019 WL 1053621, at *2 (S.D. W. Va. Mar. 5, 2019) (citing 18 U.S.C. § 3142(e)). As a result, Defendant must provide sufficient evidence suggesting the presumption is unwarranted. *See id.* "If the defendant successfully rebuts the presumption, the burden returns to the government to prove by a preponderance of the evidence that detention is nevertheless warranted." *United States v. Boyd*, 484 F. Supp.2d 486, 488 (E.D. Va. 2007).

To aid its analysis, the Court considers four factors: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of

---

[2] Due to the Government's motion, Defendant received a new acceptance letter confirming a bed for him at Recovery Point starting October 19, 2023. *See* ECF No. 32 at 4 n.2.

the defendant; and (4) the nature and seriousness of the danger to the community should the defendant be released. *See* 18 U.S.C. § 3142(g). The Court considers each in turn.

### A. Nature & Circumstances of the Offense

Defendant is charged with distributing large quantities of fentanyl on three occasions. *See* ECF No. 1. On August 8, 2023, Defendant allegedly sold approximately fifty-six grams of fentanyl. On August 23, 2023, Defendant allegedly sold approximately ninety-two grams of fentanyl. On September 4, 2023, Defendant allegedly sold approximately 151 grams of fentanyl. Each sale was recorded. *See* ECF No. 10.

On September 14, 2023, AFT agents executed federal search warrants on Defendant's residence and vehicle. *See* ECF No. 29 at 6–7. When agents approached Defendant in his car, Defendant sped away, bit open a fentanyl package, and threw the powder out of his car window. *See id.* at 7. At his residence, agents discovered $43,000 in cash and more than 2,000 grams of fentanyl. *See id.* Defendant later admitted he had approximately $14,000 in a bank account after selling a property he purchased with the proceeds of drug trafficking. *See id.*

Fentanyl has wreaked havoc in recent years. Its deleterious effects are "acutely felt" in this district. *United States v. Thomas*, 2023 WL 2623224, at *3 (S.D. W. Va. Mar. 23, 2023).

Accordingly, the Court finds this factor weighs in favor of detention.

### B. Strength of the Evidence

The evidence against the Defendant is strong. A confidential informant provided information regarding large amounts of heroin and fentanyl received from Defendant. *See* ECF No. 29 at 8. Agents conducted three recorded controlled purchases of fentanyl from Defendant. *See id.* Defendant admitted he received large amounts of cash due to drug trafficking. *See id.* at 7.

Defendant argues the "weight of the evidence" is the "least important factor." ECF No. 32 at 3. The Court recognizes there is disagreement among courts about the significance of this factor. *See United States v. Mitchell*, 2023 WL 5438156, at *4 (E.D. Va. 2023) (describing circuit split). Although there is no Fourth Circuit authority on point, this Court joins other district judges within this Circuit and weighs the factor "equally" among its colleagues. *Id. See also United States v. Shaheed*, 455 F. Supp. 3d 225, 232 (D. Md. 2020).

Regardless of its weight, the Court finds this factor weighs in favor of detention.

### C. History & Characteristics of the Defendant

The Court does not believe Defendant has sufficiently shown he is not a flight risk. Defendant has a criminal history dating back to his early twenties spanning two states. *See* ECF No. 15 at 3–5 (detailing six prior arrests). Defendant has failed to appear for court proceedings. *See id.* at 5. Defendant has violated prior probation terms in two cases. *See id.* Finally, when agents approached his residence to execute a search warrant, Defendant fled in a vehicle. *See id.*

Defendant stresses he was accepted into the long-term substance abuse treatment program at Recovery Point. *See* ECF No. 32 at 4. However, Defendant did not provide the probation office with any information regarding his substance abuse history. *See* ECF No. 29 at 9. Even assuming this history exists, participation in a nine-to-twelve-month program will delay trial nearly a year.

Accordingly, the Court finds this factor weighs in favor of detention.

### D. Nature & Seriousness of the Danger to the Community

Defendant distributed significant amounts of fentanyl to agents on three occasions. *See* ECF No. 10. Defendant admitted to receiving proceeds from previous drug transactions. *See* ECF No. 29 at 10. Distributing fentanyl (or heroin as the Defendant alleges) is inherently dangerous.

*See United States v. Walker*, 423 F. Supp. 3d 281, 284 (S.D. W. Va. 2017) ("The heroin and opioid crisis is a cancer that has grown and metastasized in the body of politic of the United States.").

Moreover, the Government has acted swiftly in this case so far. Within weeks of the final controlled purchase, the Government executed a search warrant on Defendant's property, *see* ECF No. 29 at 6–7, arrested him, *see* ECF No. 4, and charged him with three counts of violating 21 U.S.C. § 841(a), *see* ECF No. 10. This is not a case where the investigation proceeded slowly before charging and arresting a defendant—leaving a defendant free for a considerable time. In those cases, the Government's decision to proceed more slowly suggests a defendant is less dangerous or less likely to flee upon release. In contrast, the Government's haste in this case and Defendant's attempts to flee and destroy evidence, *see supra* Part A, suggest he poses a danger to the community and raises concerns about him being placed in a non-secure treatment facility.

Accordingly, the Court finds this factor weighs in favor of detention.

## CONCLUSION

The Court **GRANTS** the United States of America's Motion to Stay and Revoke the Order Releasing Defendant on Bond.

ENTER:   October 13, 2023

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE